STATE OF NORTH CAROLINA v. JAMES F. DUKES, JR.

No. 171A81

(Filed 30 March 1982)

1. **Indictment and Warrant § 5— irregularity in return of bill of indictment by grand jury**

     The trial court properly denied defendant's motion to quash the bill of indictment because a witness who appeared before the grand jury was indicated with a checkmark and not with an "X" as stated in the foreman's certification since, under G.S. 15A-623(c), the indictment would not be subject to quashal even if there had not been any indication at all.

2. **Constitutional Law § 30— failure to disclose pretrial identification procedure during discovery—no abuse of discretion**

     The trial court did not abuse its discretion in denying defendant's motion for a mistrial for the district attorney's failure to disclose the pretrial identification procedure during discovery. The failure to provide discovery was inadvertent, no objection was made when defense counsel learned of the failure to provide discovery and defense counsel fully cross-examined the witness concerning the information not discovered.

ON appeal from judgment imposed by *Braswell, Judge,* at the 13 July 1981 Criminal Session of Superior Court, CUMBERLAND County.

Defendant was charged in an indictment, proper in form, with armed robbery, a violation of G.S. 14-87. He was tried before a jury and found guilty as charged. From a sentence of life imprisonment, he appeals to this Court as of right pursuant to G.S. 7A-27(a).

*Attorney General Rufus L. Edmisten, by Assistant Attorneys General Robert R. Reilly and Thomas G. Meacham, Jr., for the State.*

*Blackwell, Thompson, Swaringer, Johnson & Thompson, P.A., by E. Lynn Johnson, for defendant.*

State v. Dukes

CARLTON, Justice.

I.

On 16 February 1981, at approximately 6:20 p.m., defendant and an accomplice entered the Athletic World store in the Westwood Shopping Center in Fayetteville. The store was empty except for two clerks, Daniel Hinds (Daniel) and his brother, Sidney Hinds (Sidney). Defendant walked toward the counter, pulled a double-barreled, sawed-off shotgun from his coat, and said, "All right, boys, this is it. This is the real thing." Defendant then walked over to Sidney, pointed the gun in his face, and said, "Open the cash register." Defendant's accomplice, one Owens, went behind the counter and forced Daniel to open the cash register. Owens then removed all the money except for the dimes, nickels and pennies. He also took Daniel's wallet and a watch belonging to the daughter of the storeowner. Owens left the store while defendant ordered the clerks to walk toward the back of the store. Daniel heard the jangle of clothes hangers being pulled off a rack and turned and saw defendant fleeing the store with several warm-up suits in hand. Daniel ran toward the front of the store. Defendant turned, saw Daniel and shot his shotgun through the pocket of his coat. Daniel grabbed a pistol from underneath the counter. He heard a second shotgun blast and ran outside the store to chase defendant, who fled across the parking lot toward Shoney's Restaurant. Hinds yelled for help, and Captain Kershaw, who had just exited Shoney's, heard the shouts and saw defendant running toward him. Defendant dropped the shotgun as he was running and Kershaw picked it up. He chased defendant around the back of Shoney's to a grassy knoll where he caught defendant. Kershaw held defendant on the ground until help arrived.

II.

[1]  Defendant first assigns error to the trial court's denial of his motion to quash the bill of indictment because the witness who was sworn and examined before the grand jury was indicated with a "check mark" on the indictment and not with an "X" as stated in the foreman's certification.[1] This assignment is patently

_____

1. On the bill of indictment, after the statement of the charge, appeared the following:

without merit. G.S. 15A-623(c) provides that "[t]he foreman must indicate on each bill of indictment . . . the witness or witnesses sworn and examined before the grand jury." That provision, however, is merely directory and "[f]ailure to comply with [it] does not vitiate a bill of indictment . . . ." G.S. § 15A-623(c) (1978). The foreman is not required to indicate which witness or witnesses were heard in any particular manner. Here, the witness who appeared before the grand jury was indicated, albeit with a checkmark and not with an "X" as stated in the foreman's certification. Even had there been no indication, however, the indictment would not, by virtue of G.S. 15A-623(c), be subject to quashal. The indication of which witness was heard by a checkmark and not an "X" is not grounds for quashal.

### III.

[2] By his second and third assignments, defendant contends that the trial court erred in denying his motion for a mistrial made during trial and renewed after the verdict. During direct examination by the State, Daniel Hinds testified without objection that he had identified defendant and his accomplice in a book of photographs given him by the police. He had been given two books of photographs and picked out pictures of defendant and his accomplice from the first book, which was about two inches thick. Defendant fully cross-examined Daniel on his observation of defendant during the crime and on the pretrial identification procedure. After Daniel left the stand defendant moved for mistrial for the district attorney's failure to disclose the pretrial identification procedure during discovery. The failure to apprise the defendant of this information was apparently inadvertent. The trial judge denied defendant's motion, noting that no objection was entered or voir dire requested when this information came

WITNESSES:
S. Stankiewiez
M. J. Phillips, FPD

The witnesses marked "X" were sworn by the undersigned foreman and examined before the Grand Jury, and this bill was found to be X, a true bill with twelve or more jurors concurring.

This 30th day of March, 1981.

s/CONNIE M. MANGUM
Grand Jury Foreman

out on direct and that defendant had cross-examined Hinds on the pretrial procedure.

Failure to provide discovery is governed by G.S. 15A-910. That statute provides that a court, upon determining during the course of proceedings that a party has failed to provide the required discovery, may, in addition, to exercising its contempt powers: "(1) Order the party to permit the discovery or inspection, or (2) Grant a continuance or recess, or (3) Prohibit the party from introducing evidence not disclosed, or (4) Enter other appropriate orders." This statute, however, is permissive and not mandatory, and the remedy for failure to provide discovery rests within the trial court's discretion. As such, its ruling is not reviewable on appeal absent an abuse of discretion. *E.g., State v. Thomas,* 291 N.C. 687, 231 S.E. 2d 585 (1977). Where, as here, the failure to provide discovery was inadvertent, no objection was made when defense counsel learned of the failure to provide discovery and defense counsel fully cross-examined the witness concerning the information not discovered, we are unable to find an abuse of discretion. Additionally, we note that defendant has made no contention that the pretrial identification was impermissibly suggestive or that it tainted the in-court identification.

Given the unlikelihood that the pretrial procedure had any impact on the in-court identification, the failure immediately to object and the full cross-examination, we can find no abuse of discretion in the trial court's denial of defendant's motions for mistrial.

IV.

For the reasons stated above we find in defendant's trial and conviction

No error.