STATE v. FENN

[94 N.C. App. 127 (1989)]

———————

STATE OF NORTH CAROLINA v. RAYMOND EARL FENN

No. 887SC769

(Filed 6 June 1989)

**1. Rape and Allied Offenses § 18— indecent liberties—date of offense—variance between indictment and evidence**

The trial court did not err in a prosecution for taking indecent liberties with a child by denying defendant's motion to

STATE v. FENN

[94 N.C. App. 127 (1989)]

set aside the verdict as being against the greater weight of the evidence where the State was allowed to present evidence that the offense occurred on a Friday in September rather than "on or about 12 September 1986" as alleged in the indictment. The prosecutrix's testimony was consistent with the "on or about 12 September 1986" date and a child's uncertainty regarding the exact date of the offense in child sexual abuse cases bears upon the weight and not the admissibility of the evidence. Moreover, defendant failed to demonstrate how he was prejudiced in preparing his defense.

2. **Rape and Allied Offenses § 19— indecent liberties—cross-examination concerning prior sexual behavior—door opened by State—not admissible**

The trial court did not err in a prosecution for taking indecent liberties with a child by excluding questions defendant sought to ask the prosecutrix regarding her past sexual behavior even after the State opened the door because defendant did not request an in camera hearing to determine the admissibility and relevance of prior inconsistent statements or other impeachment evidence concerning the victim's statements regarding her past sexual behavior. N.C.G.S. § 8C-1, Rule 412.

3. **Rape and Allied Offenses § 19; Bills of Discovery § 6— indecent liberties—discovery—testimony of ultrasound expert**

There was no abuse of discretion in a prosecution for taking indecent liberties with a child in allowing an ultrasound technician to testify concerning a matter not provided in discovery where the State tendered the ultrasound technician as an expert, the defense objected that the evidence had not been made available according to their discovery request, and the trial court granted a recess in order to allow counsel time to meet the evidence. Moreover, the witness testified as to her qualifications and the testimony assisted the jury in evaluating two facts in issue. N.C.G.S. § 15A-910, N.C.G.S. § 8C-1, Rule 702.

APPEAL by defendant from *Watts, Thomas S., Judge.* Judgment entered 11 March 1988. Heard in the Court of Appeals 21 February 1989.

STATE v. FENN

[94 N.C. App. 127 (1989)]

Defendant appeals from a judgment imposing a ten-year term of imprisonment pursuant to a jury verdict of guilty of taking indecent liberties with a child as charged in the indictment.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David F. Hoke, for the State.*

*Farris and Farris, P.A., by Robert A. Farris, Jr. and Thomas J. Farris, for defendant-appellant.*

JOHNSON, Judge.

The evidence adduced at trial tended to show that on or about 12 September 1986 the thirteen-year-old prosecutrix was visiting her grandmother for the weekend. On that Friday leading into the weekend, the prosecutrix left her grandmother's house with two of her uncles, one of whom was defendant, at defendant's request and with her grandmother's permission. He asked if the prosecutrix could help him clean up defendant's girlfriend's yard. En route, defendant dropped the other uncle off at his stop and the prosecutrix and defendant continued on their way. The prosecutrix testified that defendant drove around quite a bit and "kept going down all these roads and [she] didn't know where [she] was." She testified further that defendant stopped the car on a dirt road, took off her pants, removed his pants half way and had sexual intercourse with her. She also stated that she tried to fight him, screamed, and tried to open the door. When someone approached them from behind in another vehicle defendant pulled his pants on and drove away. Defendant then warned the prosecutrix that if she ever told anyone "something bad would happen to [her] and [her] family."

After stopping by his girlfriend's house for a short while defendant then dropped the prosecutrix off at her grandmother's house. When she arrived, she cried, changed her clothes which were bloody, and threw them away. The prosecutrix told no one what had happened.

About six months later on 19 March 1987 the prosecutrix became ill and discovered that she was pregnant. She then told her mother of the September incident with her uncle. Her mother then arranged for the child to have an abortion.

[1] By this appeal defendant first argues that the trial court erred by denying his motion to set aside the verdict as being against

the greater weight of the evidence. Specifically, defendant contends that he was deprived of a full opportunity to prepare his defense because the State was allowed to present evidence that the offense occurred on a Friday in September rather than "on or about 12 September 1986" as stated in the indictment. We find no error.

The defendant correctly asserts that the prosecutrix was unable to recall the exact date of the offense. This fact was borne out on both direct and cross-examination. However, her testimony was consistent with the "on or about 12 September 1986" date stated in the indictment. Furthermore, our Supreme Court has consistently held in cases involving child sexual abuse that a child's uncertainty regarding the exact date of the offense bears upon the weight and not the admissibility of the evidence. *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983).

In *Effler*, defendant contended, as the defendant in the case *sub judice* similarly contends, that he was deprived of the right to a fair trial because the bill of particulars stated that the offense occurred in the afternoon hours, whereas the evidence adduced at trial indicated that the offense occurred between 6:30 p.m. and 9:00 p.m. The Court, *citing State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962), stated that "nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time when the offense was committed where there is sufficient evidence that the defendant committed each essential act of the offense." *Effler* at 749, 309 S.E. 2d at 207.

The cases which defendant cites in support of his position are distinguishable from the case at bar in that they do not involve young children and the policy considerations applicable to such cases. Due to their age, children cannot be expected to specifically remember dates and times.

Defendant also has failed to demonstrate how his case was prejudiced because of the discrepancy regarding the actual date of the offense. Defendant filed no motion for a bill of particulars in preparing his defense and, more importantly, was well aware of the fact that the prosecutrix was having trouble remembering the exact date of the offense. He cross-examined her as follows:

Q. You're sure this happened on a Friday?

A. Yes.

Q. Friday was a school day, wasn't it? And you didn't go to school, did you? You say you went to your grandmothers? [sic]

A. Yes.

Q. Wasn't it a school day?

A. I don't remember but . . .

Q. Didn't school take in in August of 1986?

MISS FRESHWATER: OBJECTION. If he'd let the witness finish her answer to the question.

THE COURT: She may explain her answer.

A. I don't remember if it was a school day. I don't know what day the school started. I don't remember when it started.

Q. You know it started before Labor Day, didn't it?

MISS FRESHWATER: OBJECTION, Your Honor, to the form of that question. It's argumentative.

THE COURT: OVERRULED.

Q. Don't you?

A. Well sometimes we had school that starts after Labor Day because of sometimes the tobacco season goes in late and I think during that year that was the year we started late because they had a lot of tobacco season going in. But I know this year we did start in the last of August, but I think in '86 we started kinda late because of the tobacco season. Because a lot of my friends were staying out that week because they had to help finish with the tobacco.

Q. Dee Dee, are you saying that on September 12th, 1986 you hadn't started school yet?

A. I don't remember.

Because defendant has failed to demonstrate how he was prejudiced in preparing his defense, we overrule his first question for review.

[2] Next, defendant argues that the court erred by excluding questions he sought to ask the prosecutrix regarding her past sexual behavior. We disagree. Defendant erroneously relies upon a concurring opinion of *State v. Stanton*, 319 N.C. 180, 353 S.E. 2d 385

(1987) to support his position. First, it is important to note that an opinion concurring in the result carries no mandatory weight. Second, the analysis upon which defendant relies did not lead those justices concurring in the result to a finding of prejudicial error. The concurring opinion stated that G.S. sec. 8C-1, Rule 412 should prevent inquiry regarding either a lack of prior sexual activity or the existence of prior sexual activity by the victim with persons other than the defendant.

Defendant extends this analysis and argues that by inquiring into the prosecutrix's lack of sexual activity the State opened the door and the defense should then have been allowed to cross-examine her regarding her sexual activity. This question was recently addressed against defendant in *State v. Degree*, 322 N.C. 302, 367 S.E. 2d 679 (1988). In *Degree*, our Supreme Court held that once the State opens the door into a victim's sexual activity the defendant may request an in camera hearing so that the court may determine the admissibility and relevance of prior inconsistent statements or other impeachment evidence concerning the victim's statements regarding her past sexual behavior if it exists. In the absence of such a request, a fishing expedition into the victim's past sexual behavior will not be permitted, as it is prohibited by G.S. sec. 8C-1, Rule 412.

Since defendant requested no such hearing and embarked upon essentially the same line of questioning as that in *Degree*, we hold that the trial court properly excluded such testimony. Therefore, his second assignment of error is overruled.

[3] Lastly, defendant argues that the trial court erroneously allowed the medical technician to testify concerning a matter not provided in discovery and for which no foundation was laid. We cannot agree.

G.S. sec. 15A-910 designates the possible measures a trial court may take when a party fails to comply with discovery. One such measure is the granting of a continuance or recess to allow the opposing party to prepare to meet the evidence which had been improperly withheld. G.S. sec. 15A-910(2). The statute bestows the trial judge with broad discretionary powers to "rectify the situation if a party fails to comply with discovery orders or provisions of the discovery Article." Official Commentary to G.S. sec. 15A-910. The particular remedy the trial court chooses is not reviewable

STATE v. FENN

[94 N.C. App. 127 (1989)]

on appeal absent a showing of abuse of discretion. *State v. Dukes*, 305 N.C. 387, 289 S.E. 2d 561 (1982).

In the case *sub judice* when the State tendered the ultrasound technologist as an expert in ultrasound, the defense objected on the ground that the evidence had not been made available as per their discovery request. On *voir dire*, the trial court concluded that the State had not carried "out its continuing duty to disclose[,] with regard to this evidence[,] with particular reference to the results of the test, either incorporated by means of a photograph or the notes made by this witness[,] [that] some basis of identification of those test results would be involved." The trial court then granted a recess in order to allow counsel time to meet the evidence. *See* G.S. sec. 15A-910(2). We find that no abuse of discretion was committed by the trial court.

Insofar as this question for review concerns the witness' qualification as an expert witness, we refer defendant to G.S. sec. 8C-1, Rule 702 which states, in pertinent part, that a witness may be qualified as "an expert by knowledge, skill, experience, training, or education . . ." Further, they may testify on matters which "will assist the trier of fact to understand the evidence or to determine a fact in issue . . ." *Id.*

The witness testified as to her qualifications which included an undergraduate degree, completion of a medical science training program which specialized in ultrasound training, and six years of experience in the field. She testified that based upon the test performed on 19 March 1987 the gestational age of the fetus was approximately twenty-four weeks, thus placing the time of conception at around the date the indictment stated the charged offense was committed. This testimony would therefore assist the jury in evaluating two facts in issue: (a) whether intercourse occurred and (b) the time at which the alleged offense was committed. We therefore find that the court did not abuse its discretion in allowing the witness to testify.

It is for the aforementioned reasons that in the trial of defendant's case we find

No error.

Judges ARNOLD and PHILLIPS concur.