DILLON, Judge.
*602 Dammion Lamont Martin ("Defendant") was convicted by a jury of two counts of sexual offense with a student. For the following reasons, we find no error with one of the convictions; however, with respect to the other conviction, we reverse and remand the matter for a new trial.
*603 I. Background
Defendant worked as a substitute high school teacher. He was accused by a student of sexually assaulting her in 2006 at a school where he was working. He was accused by another student of sexually assaulting her in 2008 at the same school. Defendant was tried for both incidents in a single jury trial.
The State's evidence at trial tended to show as follows: The student involved in the 2008 incident, Katie[1] , testified that one afternoon after school as she was walking past the school's football field house, Sherman[2] , a student on the football team, playfully carried her into the boys' locker room. Two other football players were standing inside preparing for practice. Katie stated that she knew that she was not allowed in the boys'
*332 locker room, but that they were just standing and talking.
As they were standing and talking in the locker room, Defendant entered, questioned the boys about a girl being in the locker room, and told the boys to head to practice. After the boys had exited, Defendant told Katie to go with him to an adjacent classroom where he informed her that she could face suspension for being in the locker room. Defendant also indicated that the boys probably wanted Katie to perform oral sex on them, which Katie denied having occurred. Defendant then, however, asked Katie to perform oral sex on him. He locked the classroom door, approached Katie, and dropped his pants down, whereupon Katie performed oral sex on Defendant for about a minute, fearing that she would be suspended if she refused. Afterwards, Katie left the room, upset and crying.
The State's evidence further showed that Katie gave consistent accounts of the incident to the sheriff's department, the school principal, and an SBI agent.
Sherman also testified for the State, stating that Katie was just standing and talking to him and the other players when Defendant found them in the locker room, that Defendant questioned the players about a girl being in the locker room and that he told them to go to practice.
Regarding the 2006 incident, a student testified for the State that Defendant forced her to perform oral sex on him when they were alone in a classroom. She soon told a friend and the principal about the *604 incident but decided not to press charges at that time. However, years later upon hearing Katie's story on the news, she contacted the sheriff's department about what had happened to her.
Defendant testified on his own behalf, denying that he had any sexual contact with either student.
A jury acquitted Defendant of two counts of second-degree sexual offense, but found him guilty of two counts of sexual offense with a student. The trial court sentenced Defendant to two consecutive terms of 13 to 16 months of imprisonment. Defendant gave notice of appeal in open court.
II. Analysis
This appeal concerns an evidentiary ruling of the trial court. Specifically, Defendant's counsel sought to introduce the testimonies of Defendant and two other witnesses as evidence to show that Katie was performing oral sex on the football players when Defendant entered the locker room on the day in question. He sought to introduce this evidence for the purpose of showing that Katie had a motive to falsely accuse Defendant of sexual assault. After conducting an in camera hearing (outside the presence of the jury) where Defendant's counsel made an offer of proof concerning the witnesses' proposed testimonies, the trial court ruled that the evidence was per se irrelevant because the evidence did not fit under any of the four exceptions provided in our Rape Shield Statute ( Rule 412 of our Rules of Evidence), a statute which declares that other sexual behavior engaged in by the prosecuting witness generally to be irrelevant.
On appeal, Defendant argues that the trial court erred in its evidentiary ruling and that he was prejudiced by the error such that both his convictions should be reversed. The State, however, argues that (1) Defendant failed to preserve his appeal by failing to make a sufficient offer of proof at the in camera hearing and, (2) that, in any event, the trial court properly excluded the evidence under Rule 412.
For the reasons stated in subsection A below, we hold that Defendant's offer of proof was sufficient to preserve his appeal.
On the merits of the appeal, for the reasons stated in subsection B below, we hold that the trial court had discretion to admit the evidence since it was being offered to show motive and that the trial court erred by not exercising this discretion when concluding that the evidence was per se inadmissible.
*605 A. Adequacy of Defendant's Offer of Proof
Our Supreme Court has held that to preserve for appellate review the exclusion of evidence, "the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence *333 is obvious from the record." State v. Jacobs, 363 N.C. 815, 818, 689 S.E.2d 859, 861 (2010).
In the present case, Defendant's counsel made an informal offer of proof; that is, he represented to the court the content of the testimonies his witnesses would provide. In contrast, a formal offer of proof is made when counsel calls the witnesses to provide their proposed testimonies at the hearing. The State argues that an offer of proof made informally is per se insufficient to preserve the appeal. We disagree.
Our Supreme Court has never held that a formal offer of proof is the only sufficient means to make an offer of proof: "We wish to make it clear that there may be instances where a witness need not be called and questioned in order to preserve appellate review of excluded evidence." State v. Simpson, 314 N.C. 359, 372, 334 S.E.2d 53, 61 (1985). Rather, our Supreme Court has merely stated that a formal offer of proof is the preferred method and that the practice of making an informal offer of proof "should not be encouraged," State v. Willis, 285 N.C. 195, 200, 204 S.E.2d 33, 36 (1974).
Our Court has recently held that an informal offer of proof may be sufficient in certain situations to "establish the essential content or substance of the excluded testimony." State v. Walston, --- N.C.App. ----, ----, 747 S.E.2d 720, 724 (2013), reversed on other grounds, 367 N.C. 721, 766 S.E.2d 312 (2014).
Likewise, our statutes do not require that an offer of proof be made in any particular form. For instance, Rule 43(c) of our Rules of Civil Procedure merely requires that the record be made to show how the witnesses would have testified and allows the trial court to note for the record "the form in which [the offer of proof] was offered[.]" N.C. Gen.Stat. § 1A-1, Rule 43 (2013). Further, Rule 103 of our Rules of Evidence does not mandate that offers of proof be made in any particular manner, but rather provides that the trial court "may direct the making of an offer in question and answer form." N.C. Gen.Stat. § 8C-1, Rule 103(b) (2013) (emphasis added).
Though a formal offer is the preferred method, there are reasons where a trial court may deem an informal offer to be appropriate. For example, an informal offer saves time and is cost-effective. Allowing an *606 informal offer is more convenient for witnesses in that they would not have to appear unless the trial court ruled their testimonies to be admissible. However, an informal offer is only sufficient when the attorney making the offer demonstrates a " specific forecast of what the testimony would be[,]" rather than "merely [his] guess [as to] what the witnesses might say[.]" Walston, --- N.C. at ----, 747 S.E.2d at 724. A "specific forecast" would typically include the substance of the testimony (as opposed to merely stating what he plans to ask the witness), the basis of the witness' knowledge, the basis for the attorney's knowledge about the testimony, and the attorney's purpose in offering the evidence. The informal offer should be made with particularity and not be made in a summary or conclusory fashion.
Notwithstanding the attorney's knowledge about the testimony, it remains in the trial court's discretion whether to allow the offer to be made informally. See N.C. Gen.Stat. § 8C-1, Rule 103(b).[3] And where a trial court allows an informal offer of proof to be made, a reviewing court may still deem the offer insufficient to preserve an appeal.
In the present case, we hold that the offer of proof made by Defendant's counsel is sufficient for this Court to conduct appellate review. It is apparent from the transcript of the hearing that counsel had interviewed each witness and therefore knew first-hand the content and substance of their testimonies and that he was unambiguous about how they would testify. It is equally apparent that the trial court clearly understood the nature and content of the testimonies and *334 decided the evidentiary issue based on the offer of proof.
We are fully aware of the State's argument that we are compelled by our decisions in State v. Black, 111 N.C.App. 284, 432 S.E.2d 710 (1993), and State v. Cook, 195 N.C.App. 230, 672 S.E.2d 25 (2009), to conclude that an informal offer of proof is per se insufficient in the context of a Rule 412 in camera hearing. However, we disagree.
The defense attorneys in Black and Cook each made an informal offer of proof during the in camera hearing regarding past sexual behavior of the complainant. Admittedly, there is language in each opinion *607 which suggests that an informal offer of proof is per se insufficient, arguably implying that an offer of proof requires an attorney to produce "evidence" upon which a court could rule but that an attorney's assertions about how a witness would testify is not "evidence." Black, 111 N.C.App. at 289, 432 S.E.2d at 714 ; Cook, 195 N.C.App. at 238, 672 S.E.2d at 30. However, we did not hold in those cases that the law regarding the form in which an offer of proof must be made is different in a Rule 412 hearing context. Further, we note that there is nothing in Rule 412 itself to suggest that an offer of proof made thereunder must be made formally. Indeed, there may be situations where a trial court may not want to require a witness to recount an episode involving sexual behavior twice during the course of a trial (once at the in camera hearing and again before the jury). Therefore, to the extent that Black and Cook could be read to provide a per se rule prohibiting an informal offer of proof, we hold that they conflict with our Supreme Court's decisions disavowing a per se rule.
In any event, we find Black distinguishable from the present case. Here, Defendant's counsel made an offer of proof regarding the testimonies of the witnesses he wanted to call. However, the defense counsel in Black, who received information about the complainant's prior sexual behavior from a third party, sought to introduce this evidence during his cross examination of the complainant. Black, 111 N.C.App. at 289, 432 S.E.2d at 714 (sole issue at in camera hearing was whether the trial court would "allow [defense counsel] to question [the complainant] before the jury regarding her sexual relations with [certain other] men"). This difference is significant. In the present case, the offer of proof by Defendant's counsel showed how his witnesses would testify and arguably how Defendant. However, in Black, the defense counsel's offer of proof did not show how the complainant would answer on cross examination, especially where the complainant specifically testified at the hearing denying the prior sexual behavior. In Black, the only evidence before the court as to how the complainant would answer was her own testimony. This evidence that complainant did not engage in some prior incident of sexual behavior was not relevant to the trial, and the trial court ruled correctly in determining that the attorney's informal offer about the testimony of another person was insufficient to allow him to cross-examine her.
Cook involved the same scenario and is, likewise, distinguishable from the present case for the same reason. Cook, 195 N.C.App. at 238, 672 S.E.2d at 31 (the in camera hearing "occurred during [the *608 complainant's] cross-examination and related to whether defense counsel would be allowed to ask [the complainant] certain questions"). Admittedly, though, Cook went further than Black, which makes that case more difficult to distinguish. Specifically, Cook also held that the trial court correctly excluded the male witness himself from testifying about the prior encounter. Id. at 237-38, 672 S.E.2d at 30. In so holding, this Court reasoned that defense counsel's offer of proof characterizing the male witness' testimony was insufficient to preserve the appeal. Id. However, to the extent that this Court relied on this reasoning, we believe that it conflicts with decisions of our Supreme Court disavowing a per se rule regarding the sufficiency of informal offers of proof. Further, we note that this Court also provided an independent alternate basis in Cook for affirming the trial court's holding, namely that to the extent the informal offer was sufficient, the defendant's counsel failed to argue how the male witness' testimony was relevant. Id. *335 B. Evidence of the Complainant's Motive Was Not Per se Inadmissible Under the Rape Shield Statute
Having concluded that Defendant has preserved his appeal, we reach the merits of his appeal.
At trial, Defendant sought to introduce his testimony and that of two other witnesses to show that Katie had a motive to falsely accuse him. However, this evidence would reveal a prior incident of sexual behavior in which Katie was involved, and, therefore, its introduction at trial is subject to our Rape Shield Statute, currently codified in N.C. Gen.Stat. § 8C-1, Rule 412 (2013). The Rape Shield Statute declares that evidence concerning other sexual behavior of the complainant (besides the behavior for which the defendant is indicted) is irrelevant unless it falls within one of four categories. N.C. Gen.Stat. § 8C-1, Rule 412(b).
The Rape Shield Statute requires that before a witness is asked any question regarding other sexual behavior involving the complainant, the proponent must first make an offer of proof and argument at an in camera hearing so that the trial court can determine the admissibility of the evidence before any mention of it is made in the presence of the jury. N.C. Gen.Stat. § 8C-1, Rule 412(b).
In the present case, Defendant's counsel indicated that Defendant would testify that when he entered the locker room, he saw Katie sitting in front of the three football players as they were standing with their pants down to their ankles. Counsel also indicated that one of the football players in the locker room was a client of his on an unrelated matter *609 and that this player would testify that Katie was performing oral sex on him and the players when Defendant entered the locker room.[4] During the hearing, Defendant's counsel conceded that this alleged sexual behavior between Katie and the football players did not fall within any of the four exceptions provided in the Rape Shield Statute. Nonetheless, he argued that the evidence should be admitted since it was relevant to show Katie's motive to falsely accuse Defendant, namely to hide from her father and others what she was really doing in the locker room that day. The trial court disagreed, essentially ruling that since the evidence did not fall within any of the four categories under the Rape Shield Statute, it was per se inadmissible.
On appeal, Defendant argues that the trial court erred by concluding that the evidence was per se irrelevant since it did not fall within one of the Rape Shield Statute's four exceptions and that it lacked discretion to consider the potential admissibility of the evidence. We agree.
Our Supreme Court has expressly held that the four exceptions set forth in the Rape Shield Statute do not provide "the sole gauge for determining whether evidence is admissible in rape cases." State v. Younger, 306 N.C. 692, 698, 295 S.E.2d 453, 456 (1982). As our Supreme Court has explained, the Rape Shield Statute "define[s] those times when [other] sexual behavior of the complainant is relevant to issues raised in a rape trial and [is] not a revolutionary move to exclude evidence generally considered relevant in trials of other crimes. " State v. Fortney, 301 N.C. 31, 42, 269 S.E.2d 110, 116 (1980) (emphasis added). That is, "the [Rape Shield Statute] was not intended to act as a barricade against evidence which is used to prove issues common to all trials. " Younger, 306 N.C. at 697, 295 S.E.2d at 456 (emphasis added). More recently, our Court has held that there may be circumstances where evidence which touches on the sexual behavior of the complainant may be admissible even though it does not fall within one of the categories in the Rape Shield Statute. See State v. Edmonds, 212 N.C.App. 575, 580, 713 S.E.2d 111, 116 (2011) (noting that "[t]he lack of a specific basis under [the Rape Shield Statute] for admission of evidence does not end our analysis"); see also State v. Bass, 121 N.C.App. 306, 310-11, 465 S.E.2d 334, 336-37 (1996) (impeachment of complainant denying a sexual encounter based on her prior *610 inconsistent statement admitting the encounter had occurred); *336 State v. Fenn, 94 N.C.App. 127, 132, 379 S.E.2d 715, 718 (1989) (State opens the door to impeachment evidence where complainant's testimony on direct denies past incidents of sexual behavior).[5]
In the present case, Defendant's defense was that he did not engage in any sexual behavior with Katie but that Katie fabricated the story to hide the fact that Defendant caught her performing oral sex on the football players in the locker room. Where the State's case in any criminal trial is based largely on the credibility of a prosecuting witness, evidence tending to show that the witness had a motive to falsely accuse the defendant is certainly relevant. The motive or bias of the prosecuting witness is an issue that is common to criminal prosecutions in general and is not specific to only those crimes involving a type of sexual assault.[6]
The trial court erred by concluding that the evidence was inadmissible per se because it did not fall within one of the four categories in the Rape Shield Statute. Here, the trial court should have looked beyond the four categories to determine whether the evidence was, in fact, relevant to show Katie's motive to falsely accuse Defendant and, if so, conducted a balancing test of the probative and prejudicial value of the evidence under Rule 403 or was otherwise inadmissible on some other basis (e.g., hearsay). See State v. Edmonds, 212 N.C.App. at 578, 713 S.E.2d at 115 (quoting N.C. Gen.Stat. § 8C-1, Rule 403 (2009) ).
*611 Having concluded that the trial court erred by failing to exercise its discretion, we hold that this error was prejudicial with respect to Defendant's conviction of the 2008 incident involving Katie. For this charge, the State's case was based almost entirely on Katie's testimony. There were no other eyewitnesses or any physical evidence proving the crime had occurred. If the jury heard the evidence, it is reasonably possible that one or more of them would have had a reasonable doubt as to the veracity of Katie's testimony.
Defendant, however, has failed to demonstrate in his brief how the error prejudiced him with regard to his conviction based on the 2006 incident. Defendant merely asserts that the error "impacted the jury's verdict," without explaining how it impacted the verdict. Accordingly, we find no error with respect to the conviction based on the 2006 incident.
III. Conclusion
For the foregoing reasons, we find no error with respect to Defendant's conviction in 09 CRS 50133 arising from the 2006 incident; but we reverse Defendant's conviction in 09 CRS 50134 arising from the 2008 incident, remanding the matter for a new trial.
NO ERROR IN PART, REVERSE AND REMAND IN PART.
Judges STROUD and DAVIS concur.

A pseudonym.

A pseudonym.

The trial court should afford opposing counsel the opportunity to object to an offer of proof to be made informally. There is nothing in Rule 103(c) of our Rules of Evidence or Rule 43(c) of our Rules of Civil Procedure to indicate that a trial court must refuse to allow an offer be made informally when there is an objection to this form by opposing counsel. We do not reach this issue since the State's counsel in the present case did not object to the form by which Defendant's counsel made his offer.

Defendant's counsel indicated that a third witness, a student at the school, would testify that she had been in the locker room on other occasions with Katie to perform oral sex on football players.

In the present case, the State arguably "opened the door" to Defendant's evidence based on Katie's testimony on direct that she was only standing and talking in the locker room. Defendant's evidence may have been relevant to attack Katie's credibility by showing that she had given false testimony on direct. However, Defendant made no argument during the in camera hearing or in his brief on appeal that his evidence was admissible on this basis.

A defendant has the right under the Sixth Amendment of the Constitution to make his defense. See, e.g., Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) (holding that a court's refusal to allow a defendant to introduce evidence revealing the prosecuting witness' sexual relationship with her boyfriend to show her motive to falsely accuse the defendant of rape violated the defendant's Sixth Amendment right to mount a defense). And there are certainly situations where a defendant should be entitled to offer evidence which may otherwise be excluded by our Rape Shield Statute, as our Supreme Court has indicated in Younger, supra. In these situations, a trial judge should strive to fashion a compromise. For example, where a defendant claims that the prosecuting witness is falsely accusing him of rape rather than admitting to her boyfriend that her encounter was consensual, the trial court may allow the defendant to introduce evidence of the prosecuting witness' dating relationship with her boyfriend without introducing details of their sexual relationship. See State v. Harrell, 2005 WL 88947, 2005 N.C.App. LEXIS 104 (N.C.Ct.App. Jan. 18, 2005) (unpublished).