INMAN, Judge.
 

 *163
 
 When a trial court properly determines, pursuant to Rule 403 of the North Carolina Rules of Evidence, that the probative value of evidence about a prosecuting witness's sexual history is substantially outweighed by its potential for unfair prejudice, the trial court does not err by excluding the evidence, regardless of whether it falls within the scope of the North Carolina Rape Shield law.
 

 James Eric West ("Defendant") appeals from judgment entered against him following a jury conviction finding him guilty of second degree sexual offense. Defendant argues the trial court erred by denying his ability to cross-examine the prosecuting witness regarding his admitted commission of a sexual assault when he was a child. After careful review, we conclude the exclusion was not error.
 

 Factual and Procedural History
 

 The evidence at trial tended to show the following:
 

 On 26 December 2014, Defendant and D.S.
 
 [1]
 
 were living at the Durham Rescue Mission. Defendant, age 48 at the time of the incident, had been working on the maintenance crew, and D.S., age 20 at the time of the incident, approached him to discuss joining
 
 *226
 
 the crew. D.S. spoke with Defendant about his background, including his childhood. D.S. told Defendant that he had been removed from his biological family around the age of three to five after being sexually abused by his brother. Defendant asked D.S. if he was a virgin, and D.S. responded that he was.
 

 Later that evening, after dinner, D.S. and Defendant met in a maintenance shed at the Mission. D.S. was lying down suffering from a headache when Defendant pulled down D.S.'s pants and performed unwanted oral sex on him. D.S. tried without success to rebuff Defendant's advances.
 

 *164
 
 After the sexual assault ended, Defendant told D.S. not to report what happened.
 

 D.S. and Defendant left the maintenance shed and walked in different directions; D.S. went to his dorm room and reported the incident to a roommate. Police were called to investigate and D.S. recounted the incident. D.S. also told one officer that he had been sexually abused around the age of three to five by his brother and was removed from his home. D.S. told another officer that he had sexually assaulted his half-sister when he was around eight or nine years old and was thereafter placed in a facility until he reached eighteen years of age.
 

 Officers informed Defendant that D.S. had accused him of forcing unwanted oral sex upon him. Defendant denied the allegations and consented to a cheek swab to test his DNA. Forensic analysis found a presence of Defendant's DNA in a penile swab from D.S.
 

 Defendant was indicted on 4 May 2015 on one count of second degree kidnapping and one count of second degree sexual offense. In a pre-trial hearing, the State,
 
 inter alia
 
 , dismissed the second degree kidnapping charge and moved to exclude or limit evidence of D.S.'s sexual history, specifically, D.S.'s statements to police that he had sexually assaulted his half-sister when he was younger. Defense counsel asserted that the statement was admissible for impeachment because it was inconsistent with D.S.'s previous statements to police about how and when he was removed from his home as a child. The trial court tentatively limited defense counsel to questions about D.S.'s inconsistent statements to police, but ruled defense counsel would not be allowed to question D.S. about the prior sexual assault or D.S.'s statement to police about the prior assault.
 

 Following D.S.'s direct testimony, the trial court held an
 
 in camera
 
 hearing to settle the issue about the admissibility of D.S.'s sexual history. After
 
 voir dire
 
 testimony from D.S. and arguments of counsel, the trial court ruled that D.S.'s statement about sexually assaulting his sister was evidence of prior sexual behavior protected by the Rape Shield law and was also inadmissible because any probative value was substantially outweighed by the likelihood of unfair prejudice and confusion of the jury. On cross-examination, defense counsel obtained D.S.'s admission that he had told one police officer that he was removed from the family home "at or near birth due to sexual abuse" and had told another officer that he was taken from the family home at age eight or nine.
 

 On 3 June 2016, the jury returned a verdict finding Defendant guilty of second degree sexual offense. The trial court entered judgment and
 
 *165
 
 sentenced Defendant in the mitigated range for a Class C felony with a prior record level one offender, to a minimum of 44 months and a maximum of 113 months. The trial court also ordered Defendant to register as a sex offender for 30 years.
 

 Defendant timely appealed.
 

 Analysis
 

 Defendant argues that a prior sexual assault committed by a prosecuting witness is not protected by North Carolina's Rape Shield law and should therefore not have been excluded pursuant to Rule 412 of the North Carolina Rules of Evidence. We need not address this issue, because the trial court properly excluded the evidence based upon Rule 403 after evaluating its relevancy and balancing its probative value against its potential for unfair prejudice.
 

 1. Standard of Review
 

 We review a trial court's decision to exclude evidence pursuant to Rule 403 for abuse of discretion.
 
 State v. Lloyd
 
 ,
 
 354 N.C. 76
 
 , 108,
 
 552 S.E.2d 596
 
 , 619 (2001) ("The
 
 *227
 
 decision whether to exclude relevant evidence under Rule 403 lies within the sound discretion of the trial court, and its ruling may be reversed for abuse of discretion only upon a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision." (internal quotation marks and citations omitted)).
 

 2. Evidence of Prior Sexual Conduct
 

 Rule 412 of the North Carolina Rules of Evidence -North Carolina's Rape Shield law-provides in pertinent part:
 

 (b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
 

 (1) Was between the complainant and the defendant; or
 

 (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or
 

 (3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant
 
 *166
 
 as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or
 

 (4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.
 

 N.C. Gen. Stat. § 8C-1, Rule 412 (2015). Our Supreme Court has held that North Carolina's Rape Shield law is "nothing more then [sic] than a codification of this jurisdiction's rule of relevance as that rule specifically applies to the past sexual behavior of rape victims."
 
 State v. Fortney
 
 ,
 
 301 N.C. 31
 
 , 37,
 
 269 S.E.2d 110
 
 , 113 (1980). North Carolina's previous Rape Shield law, and subsequently Rule 412, "was not intended to act as a barricade against evidence which is used to prove issues common to all trials."
 
 State v. Younger
 
 ,
 
 306 N.C. 692
 
 , 697,
 
 295 S.E.2d 453
 
 , 456 (1982). Nor was is it meant to be the "sole gauge for determining whether evidence is admissible in rape cases."
 
 Id.
 
 at 698,
 
 295 S.E.2d at 456
 
 .
 

 When a defendant in a rape case seeks to admit evidence regarding a prosecuting witness's prior sexual conduct, and that evidence does not fall within an enumerated exception of Rule 412, the evidence is not
 
 per se
 
 inadmissible.
 
 State v. Martin
 
 ,
 
 241 N.C.App. 602
 
 , 610,
 
 774 S.E.2d 330
 
 , 336 (2015). Rather, a trial court should "look[ ] beyond the four categories to determine whether the evidence was, in fact, relevant ... and, if so, conduct a balancing test of the probative and prejudicial value of the evidence under Rule 403...."
 

 Id.
 

 at 610
 
 ,
 
 774 S.E.2d at 336
 
 (citations omitted).
 

 Evidence of prior sexual conduct is relevant when it affects an issue that is common to all trials,
 
 e.g.
 
 , a witness's inconsistent statement about his or her sexual history.
 
 Younger
 
 ,
 
 306 N.C. at 697
 
 ,
 
 295 S.E.2d at 456
 
 ("Inconsistent statements are, without a doubt, an issue common to all trials."). Rule 403 of the North Carolina Rules of Evidence permits a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." N.C. Gen. Stat. § 8C-1, Rule 403. A proper determination of the probative and prejudicial effect of certain evidence entails "an
 
 in-camera
 
 hearing in which the court can hear and evaluate the arguments of counsel before making a ruling."
 
 Younger
 
 ,
 
 306 N.C. at 697
 
 ,
 
 295 S.E.2d at 456
 
 .
 

 *167
 
 Here, when considering whether to admit the evidence of D.S.'s prior sexual conduct, the trial court properly held an
 
 in camera
 
 hearing. The trial court heard arguments from counsel and
 
 voir dire
 
 testimony from D.S. concerning his history. Following this testimony, the trial court concluded that "any probative value in [the evidence was] outweighed by the prejudicial value[, and would] ... only serve to confuse the jury...."
 

 Our review of the record supports the trial court's exclusion of the evidence pursuant to Rule 403. The sexual behavior defense counsel sought to question D.S. about occurred more than a decade earlier, and involved no factual elements similar to the
 
 *228
 
 events underlying the charge for which Defendant was on trial. The evidence-an eight- or nine-year-old boy sexually assaulting his half-sister-is disturbing and highly prejudicial. When and why D.S. was taken from his family home as a child are facts of remote relevance to the offense charged. Other evidence presented by the State, including expert testimony that Defendant's DNA matched a genital swab taken from D.S. shortly after the alleged assault-despite Defendant's denial that any sexual encounter occurred-also rendered D.S.'s inconsistent statements about remote facts less relevant to the contested factual issues at trial.
 

 Defendant argues that the trial court's exclusion of evidence concerning D.S.'s childhood sexual assault of his half-sister not only kept jurors from learning the conflicting details of D.S.'s statements about when and why he was taken from his home as a young child, but also kept jurors from hearing evidence that D.S. was not a virgin at the time of the alleged offense, contrary to his statement to Defendant that he was a virgin. This argument has been made in a previous case without success. In
 
 State v. Autry
 
 ,
 
 321 N.C. 392
 
 ,
 
 364 S.E.2d 341
 
 (1988), the Supreme Court upheld a trial court's ruling excluding evidence that the prosecuting witness was not a virgin:
 

 [T]he State did not ask, and the victim did not in fact testify, as to whether she was a virgin. On the contrary, the victim testified only to what defendant asked her and to what she told defendant in response to his question on the night of the crime. The State clearly elicited this testimony, not to establish before the jury whether the victim was a virgin, but to lay a proper foundation for the additional evidence of defendant's statement of his announced intent....
 

 Id.
 

 at 397-98
 
 ,
 
 364 S.E.2d at 345
 
 . Here, the State did not present D.S.'s statement to Defendant as evidence that D.S. was a virgin, but rather as evidence of the conversation between D.S. and Defendant preceding
 
 *168
 
 the alleged sex offense to prove Defendant's knowledge and intent. The fact that Defendant asked D.S. if he was a virgin, regardless of D.S.'s response, was probative of Defendant's intent in meeting D.S. at the shed where the sexual offense occurred.
 

 While the issue of a prosecuting witness's credibility is always relevant, the temporal remoteness of the sexual history and the relationship, or lack thereof, to the specific acts alleged in the trial, the remote relevance of the prosecuting witness's prior inconsistent statements, and the relative strength of other evidence unrelated to the prosecuting witness's credibility support the trial court's ruling that the low probative value of the evidence was substantially outweighed by its high potential for prejudice and confusion.
 

 Conclusion
 

 For the foregoing reasons, based upon the record evidence and the authorities cited, we affirm the trial court's determination to exclude evidence that the State's prosecuting witness committed a sexual assault when he was a child.
 

 AFFIRMED.
 

 Judges BRYANT and ZACHARY concur.
 

 [1]
 

 To preserve the privacy of the victim of a sexual assault, we hereinafter refer to him as D.S.
 
 See
 

 State v. Gordon
 
 , --- N.C.App. ----, ---- n.1,
 
 789 S.E.2d 659
 
 , 661 n.1 (2016).