CAROL ANN PARRISH v. RUSSELL UZZELL, D/B/A U & H MOTORS AND WILLIAM A. PARRISH, JR., ADMINISTRATOR OF THE ESTATE OF WILLIAM A. PARRISH, SR.

No. 784SC766

(Filed 5 June 1979)

1. **Rules of Civil Procedure § 41.1—** dismissal other than by plaintiff's notice—dismissal without prejudice—"second dismissal" rule inapplicable

Though two dismissals of plaintiff's actions based on the same claim were obtained at plaintiff's instance, neither was effected by the plaintiff filing a notice of dismissal as authorized by G.S. 1A-1, Rule 41(a)(1)(i), and both were therefore without prejudice so that plaintiff was not prevented by the "second dismissal" rule from bringing a third action on the same claim.

2. **Rules of Civil Procedure § 41.1; Limitation of Actions § 12.1—** voluntary dismissal—action commenced within one year—statute of limitations tolled

Plaintiff's action instituted on 9 December 1977 to recover for personal injuries sustained on 8 August 1968 was not barred by the three year statute of limitations where plaintiff brought her first action within three years of her in-

juries, brought her second action within one year of dismissal of her first action, and brought her third action within one year of dismissal of her second action.

APPEAL by plaintiff from *Small, Judge.* Judgment entered 27 June 1978 in the Superior Court, ONSLOW County. Heard in the Court of Appeals 3 May 1979.

This is an action to recover damages for personal injuries which plaintiff alleges she received on 8 August 1968 when the automobile in which she was riding was driven by her husband into a hole in the driveway on defendant Uzzell's premises. She alleges that her husband was negligent in his operation of the automobile, that Uzzell was negligent in allowing the hole to remain in the driveway without giving warning of its existence, and that the negligence of her husband and of Uzzell concurred to proximately cause her injuries. This is the third action which plaintiff has brought on this claim in the superior court in Onslow County.

The first action was brought on 2 February 1970 against plaintiff's husband and against Uzzell and was terminated on 23 March 1973 by entry of the following order:

This cause coming on to be heard, and being heard, before the undersigned Judge Presiding at the March 19th, 1973, session of the Onslow County Superior Court, and it appeared to the Court from the statement of plaintiff's counsel that plaintiff has elected to dismiss this action without prejudice.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff's cause be dismissed without prejudice and be taxed with the costs to be charged by the Clerk.

This the 23rd day of March, 1973.

s/ WALTER W. CAHOON
Judge Presiding

The second action was brought on 7 March 1974 against plaintiff's husband and against Uzzell when plaintiff filed a complaint identical to that she had filed in the first action. The second action was terminated on 13 December 1976 by entry of the following order:

THIS CAUSE being heard by the Undersigned Judge on the Motion of defendant to dismiss this action and on the Motion of plaintiff's attorney of record to withdraw from this case and after hearing statement of counsel, the Court is of the opinion that the Motion to Dismiss and the Motion to Withdraw should not be allowed.

That upon oral Motion of the plaintiff to take a Voluntary Dismissal without prejudice, the Court is of the opinion and in his discretion this Motion should be allowed.

IT IS, THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That the defendant's Motion to Dismiss be denied.

2. That the plaintiff's Motion to Withdraw be denied.

3. That the Motion made by plaintiff's attorney to take a Voluntary Dismissal without prejudice in the Court's discretion and in the interest of justice is hereby allowed.

This the 13 day of December, 1976.

> s/ ROBERT D. ROUSE, JR.
> Judge Presiding

The present action was filed on 9 December 1977 against defendant Uzzell and against the estate of plaintiff's deceased husband. Except for the allegations relative to the estate, the complaint in the present action is in all material respects the same as the complaints filed in the first two actions.

Defendant Uzzell moved to dismiss the present action on the grounds that the dismissal of the second action operated as an adjudication on the merits pursuant to G.S. 1A-1, Rule 41(a)(1) and also on the grounds that present action is barred by the three year statute of limitations contained in G.S. 1-52. The court entered judgment finding that the order entered by Judge Rouse on 13 December 1976 was the second dismissal of an action based on the same claim and that pursuant to G.S. 1A-1, Rule 41(a)(1), such second dismissal operated as an adjudication on the merits barring plaintiff's right to maintain the present action. From judgment dismissing her action, plaintiff appeals.

*Joseph C. Olschner for plaintiff appellant.*

*Ward and Smith by William Joseph Austin, Jr., and Michael P. Flanagan for defendant appellee, Russell Uzzell.*

PARKER, Judge.

The trial court found that, pursuant to the provisions of G.S. 1A-1, Rule 41(a)(1), the dismissal of plaintiff's second action operated as an adjudication on the merits of her claim, thereby barring her right to maintain any further action based on the same claim. We do not agree and accordingly reverse.

G.S. 1A-1, Rule 41(a), entitled "Voluntary dismissal; effect thereof," contains two subsections as follows:

(1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

(2) By Order of Judge.—Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under

this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time.

It will be seen that G.S. 1A-1, Rule 41(a) establishes three methods by which a voluntary dismissal of a civil action may be effected: (1) by the plaintiff filing a notice of dismissal at any time before he rests his case, (2) by the filing of a stipulation of dismissal signed by all parties who have appeared in the action, and (3) by order of the judge "upon such terms and conditions as justice requires." The first two methods are provided for in subsection (1) and the third in subsection (2) of Rule 41(a). The Rule makes clear that, unless otherwise specified, a voluntary dismissal effected by any of the three methods, whether by plaintiff's notice, by stipulation, or by order of the judge, is without prejudice *with one express exception.* This express exception is applicable only to a dismissal effected by plaintiff's notice. G.S. 1A-1, Rule 41(a)(1) provides that "a *notice* of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim." (Emphasis added.)

[1]  In the case now before us, the plaintiff obtained a voluntary dismissal of her first action by electing to dismiss without prejudice and so informing the court, which then *ordered* the case dismissed without prejudice. She obtained a voluntary dismissal of her second action by making an oral motion to the court to be allowed to take a voluntary dismissal without prejudice, which motion was allowed by an *order* entered "in the Court's discretion and in the interest of justice." Thus, while each dismissal was obtained at plaintiff's instance, neither was effected by the plaintiff filing a notice of dismissal as authorized by G.S. 1A-1, Rule 41(a)(1)(i), to which alone the "second dismissal" rule applies. "The 'second dismissal' rule does not apply to make voluntary dismissals by stipulation or by order of court 'on the merits', though preceded by a prior voluntary dismissal." Phillips, 1970 Pocket Parts, 2 McIntosh, N.C. Practice and Procedure, § 1648, p. 70. Of course, the stipulation itself or the order of the judge can provide that the dismissal is with prejudice, whether or not there has been a prior dismissal effected by the filing of a notice. However, neither of the orders by which plaintiff's first two ac-

tions were dismissed contained any such provision. We hold, therefore, that the trial court erred in applying the "second dismissal" rule in the present case. Our holding in this regard is consistent with the principle, recognized by courts of other jurisdictions which have considered the matter, that "the two-dismissal rule is to be strictly construed since it is in derogation of previously existing right." See Annot., 65 A.L.R. 2d 642, 643 (1959).

[2] Appellee contends that even if the second dismissal rule is not applicable, plaintiff's present action is barred by the three year statute of limitations contained in G.S. 1-52. We do not agree.

G.S. 1A-1, Rule 41(a)(2) provides that "[i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time." Plaintiff's first action was timely commenced on 2 February 1970, within three years of her injury, which she alleged occurred on 8 August 1968. Her first action was dismissed by order of the court on 23 March 1973. Plaintiff commenced her second action on 7 March 1974, within one year after the dismissal of her first. Her second action was dismissed by order of the court on 13 December 1976. Plaintiff commenced her present action on 9 December 1977 within one year after the dismissal of her second action. Neither the order by which her first action was dismissed nor the order by which her second action was dismissed specified a shorter time than one year after the dismissal within which plaintiff might bring a new action. We hold that the plaintiff's action is not barred by the statute of limitations.

This interpretation of the tolling provisions of G.S. 1A-1, Rule 41(a) is consistent with the interpretation given by decisions of our Supreme Court to the similar provision contained in our former G.S. 1-25. Although that statute was repealed by Ch. 954, Sec. 4, 1967 Session Laws effective with the adoption of our new Rules of Civil Procedure, its tolling provision was incorporated into G.S. 1A-1, Rule 41(a). Interpreting our former statute, our Supreme Court held that under its provisions a plaintiff had the right to bring an unlimited series of actions based upon the same claim, provided he brought each new action within one year of the

dismissal of the immediately preceding action. *See Trull v. R. R.,* 151 N.C. 545, 66 S.E. 586 (1909). Recognizing that this right "was sometimes abused by action after action being instituted after a cause was nonsuited," the Court held that "the only remedy was a bill of peace." *See* concurring opinion of Clark, C.J., in *Bradshaw v. Bank,* 172 N.C. 632, 635, 90 S.E. 789, 791 (1916).

For the reasons stated, the judgment of the trial court dismissing plaintiff's action is

Reversed.

Judges MITCHELL and MARTIN (Harry C.) concur.