JUREK MANITIUS and wife, EVA MANITIUS, Plaintiffs,
v.
GEORGE F. GUTHRIE, individually and GEORGE F. GUTHRIE CONSTRUCTION, COMPANY, INC., Defendants.
No. COA08-1083
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
WHEATLY, WHEATLY, WEEKS & LUPTON, P.A., by Claud R. Wheatly, III, for plaintiff-appellee.
HENDERSON, BAXTER, TAYLOR & GATCHEL, P.A., by Brian Z. Taylor, for defendant-appellant.
STROUD, Judge.
Based upon a jury verdict in favor of plaintiffs, defendant George F. Guthrie Construction, Company, Inc. was ordered to pay damages to plaintiffs for breach of a contract. Defendant George F. Guthrie Construction, Company, Inc. appeals, arguing that the trial court erred by its failure to dismiss plaintiffs' complaint based upon a Settlement Agreement and Mutual Release from a previous lawsuit brought by plaintiffs against defendants regarding construction of the house. For the following reasons, we dismiss.

I. Background
On 27 January 1999, Jurek Manitius and Eva Manitius ("plaintiffs") entered into a contract with defendants, George F. Guthrie ("Mr. Guthrie") and George F. Guthrie Construction, Company, Inc. ("Construction Company") (collectively "defendants") for construction of a house on plaintiffs' real property, Lot 209, Lands End, Emerald Isle, North Carolina. Plaintiffs claim that problems with defendants' management of the house construction began on "day one" of the project and plaintiffs identified many deficiencies in the construction of the house. On or about 26 April 2000, plaintiffs filed a complaint against defendants for breach of contract, fraud, and unfair trade practices. Plaintiffs requested compensatory damages as well as punitive damages or treble damages pursuant to N.C. Gen. Stat. § 75-16. On or about 27 June 2000, defendants filed motions, an answer and defenses to plaintiff's complaint, and a counterclaim against plaintiffs. On or about 27 May 2001, the parties entered into a "SETTLEMENT AGREEMENT AND MUTUAL RELEASE" ("Release"), resolving plaintiffs' claims and defendants' counterclaim. The Release required defendants to pay plaintiffs' attorney fees in the amount of $1,700.00 and to complete a list of specific repairs to the house. On 20 July 2001, plaintiffs and defendants entered into a voluntary dismissal with prejudice as to all of their claims and the counterclaim.
On or about 9 December 2005, plaintiffs again filed a complaint against defendants regarding defects in the construction of the house, again asserting claims for breach of the construction contract, fraud, and unfair trade practices, and requesting compensatory damages as well as punitive damages or treble damages pursuant to N.C. Gen. Stat. § 75-16. The complaint does not specifically allege a breach of the Release which was entered as a result of the first lawsuit, but only breach of the same construction contract, alleging additional deficiencies in the house. On 15 March 2006, defendants answered plaintiffs' complaint alleging various defenses and moved to dismiss plaintiffs' complaint based upon, inter alia, N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), accord and satisfaction, and collateral estoppel due to the prior lawsuit and Release.
On 16 October 2007, a hearing was held regarding defendants' motion to dismiss. The trial court was presented with and considered the Release. It is unclear from the record which party actually presented the Release to the trial court; however, it is clear that neither plaintiffs nor defendants objected to the trial court's consideration of the Release and that all parties directed the trial court's attention to the language of the Release. In fact, the first 26 pages of the transcript, regarding defendants' motion to dismiss, primarily center around the language of the Release. Defendants' motion to dismiss was denied and the jury trial began immediately thereafter.
On 14 January 2008, after the jury trial, defendant Construction Company was ordered to pay plaintiffs "$110,053.06 with interest accruing at the rate of eight percent (8%) per annum from the date of the Defendant, George F. Guthrie Construction, Company, Inc., breach of the contract on January 27, 1999." Only defendant Construction Company appeals, arguing the trial court erred by failing to grant its motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), the doctrine of accord and satisfaction, and the doctrine of collateral estoppel. For the following reasons, we dismiss this appeal.

II. Motion to Dismiss
Defendant contends the trial court erred in denying its motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), the doctrine of accord and satisfaction, and the doctrine of collateral estoppel.
[T]he only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed. As a general proposition, therefore, matters outside the complaint are not germane to a Rule 12(b)(6) motion. Indeed, as N.C.R. Civ. P. 12(b) makes clear, a Rule 12(b)(6) motion is converted to one for summary judgment if matters outside the pleading are presented to and not excluded by the court:
If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
. . . .
The mandatory language of these Rules is unambiguous and leaves no room for variance in practice.
If, however, documents are attached to and incorporated within a complaint, they become part of the complaint. They may, therefore, be considered in connection with a Rule 12(b)(6) or 12(c) motion without converting it into a motion for summary judgment. Further, this Court has held that when ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant.
Weaver v. Saint Joseph of the Pines, Inc., 187 N.C. App. 198, 203-04, 652 S.E.2d 701, 707 (2007) (citations, quotations marks, and brackets omitted).
Here, plaintiffs' complaint refers to the Release in at least three separate allegations. Furthermore, paragraph 6(a) of plaintiffs' complaint reads, "A window leak, which was Item 14 in the Release, a copy of said release with the exhibit attached as Exhibit B which is incorporated herein by reference was not repaired properly and continues to leak causing extensive damage to the structure." (Emphasis added.) From the plain language of plaintiffs' complaint it is clear that plaintiffs intended that the Release be "incorporated within [the] complaint, [and thus] bec[a]me part of the complaint." Id. at 204, 652 S.E.2d at 707; see Eastway Wrecker Serv., Inc. v. City of Charlotte, 165 N.C. App. 639, 642, 599 S.E.2d 410, 412 (2004) ("Since the exhibits to the complaint were expressly incorporated by reference in the complaint, they were properly considered in connection with the motion to dismiss as part of the pleadings."), aff'd per curiam, 360 N.C. 167, 622 S.E.2d 495 (2005).
However, plaintiffs' failed to attach the Release or Exhibit B to their complaint. Furthermore, defendants' answer specifically notes plaintiffs' failure to attach Exhibit B, but also fails toattach the Release. Therefore, the Release was never actually made part of the pleadings; as such, a motion to dismiss is not appropriate as the trial court was required to consider documents outside of the pleadings. See Weaver at 203-04, 652 S.E.2d at 707.
"Where matters outside the pleadings are received and considered by the court in ruling on a motion to dismiss under Rule 12(b)(6), the motion should be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in G.S. 1A-1, Rule 56." N.C. Railroad Co. v. Ferguson Builders Supply, 103 N.C. App. 768, 771, 407 S.E.2d 296, 298 (1991) (citation omitted). Therefore, we must consider defendants' motion to dismiss as a motion for summary judgment. See N.C. Railroad Co. at 771, 407 S.E.2d at 298.
In Harris v. Walden, the North Carolina Supreme Court found "that the Court of Appeals improperly reviewed the denial of the summary judgment by the trial court[,]" and therefore reversed the Court of Appeals decision. 314 N.C. 284, 287, 333 S.E.2d 254, 256 (1985). In making this decision the Supreme Court stated,
The purpose of summary judgment is to bring litigation to an early decision on the merits without the delay and expense of a trial when no material facts are at issue. After there has been a trial, this purpose cannot be served. Improper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury.
The denial of a motion for summary judgment is an interlocutory order and is not appealable. An aggrieved party may, however, petition for review by way of certiorari. To grant a review of the denial of the summary judgment motion after a final judgment on the merits, however, would mean that a party who prevailed at trial after a complete presentation of evidence by both sides with cross-examination could be deprived of a favorable verdict. This would allow a verdict reached after the presentation of all the evidence to be overcome by a limited forecast of the evidence. In order to avoid such an anomalous result, we hold that the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits.
Id. at 286, 333 S.E.2d at 286 (citations omitted).
Our Supreme Court has made it clear that the denial of a motion for summary judgment is not reviewable after a final judgment has been rendered on the merits. See id; see also Reliance Ins. Co. v. Lexington Ins. Co., 87 N.C. App. 428, 432, 361 S.E.2d 403, 405-06 (1987) (citations omitted) ("Once a decision on the merits is reached through a trial, review of the denial of summary judgment is improper."). Accordingly, this appeal is dismissed.
DISMISSED.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).