STATE OF NORTH CAROLINA, BY AND THROUGH ITS CARTERET COUNTY CHILD SUPPORT ENFORCEMENT OFFICE, EX REL., BURNICE BOGGS, PETITIONER V. TYRONE DAVIS, RESPONDENT

No. COA10-163

(Filed 5 October 2010)

**1. Jurisdiction— subject matter jurisdiction—interstate child support petition—two dismissal rule inapplicable**

The trial court erred in finding and concluding that petitioner voluntarily gave notice of dismissal on two separate occasions, which operated as an adjudication on the merits pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, and in dismissing the petition for lack of subject matter jurisdiction. Rule 41 was not implicated where petitioner voluntarily dismissed the action on one occasion but the second dismissal was entered by order of the court granting respondent's motion to dismiss.

**2. Appeal and Error— defense of laches—not plead before the trial court**

Respondent's argument that the trial court did not err in dismissing petitioner's interstate petition for child support based on the doctrine of laches was dismissed where respondent did not plead the defense of laches before the trial court.

**3. Child Custody and Support— interstate child support petition—verification**

Respondent's argument that the trial court did not err in dismissing petitioner's interstate petition for child support based on petitioner's failure to verify the petition in accordance with N.C.G.S. § 52C-3-310 was overruled because there was no authority requiring a notary public commissioned in Louisiana to print or type his name to verify a petition for child support.

Appeal by the State of North Carolina on behalf of petitioner from order entered 18 September 2009 by Judge Paul Quinn in Carteret County District Court. Heard in the Court of Appeals 1 September 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for the State.*

STATE EX REL. BOGGS v. DAVIS

[207 N.C. App. 359 (2010)]

*Valentine & McFayden, P.C., by Stephen M. Valentine, for respondent-appellee.*

BRYANT, Judge.

Where a petitioner voluntarily dismissed the action on one occasion and where another dismissal was entered by order of the court granting respondent's motion to dismiss, the "two dismissal" provision of Rule 41(a) was not implicated, and the trial court erred in concluding the two dismissal rule applied to bar petitioner's action. Therefore, we reverse.

On 4 October 2001, in docket number 01 CVD 1146, Donna Chenevert, resident of Houma, Louisiana, filed with the Carteret County Clerk of Superior Court an interstate child support petition and summons for respondent Tyrone Davis, a resident of Beaufort, North Carolina. Chenevert is the mother of the juvenile for whom support is sought. Respondent acknowledges that this summons was served on him on 11 October 2001; however, no further action was taken. On 19 March 2002, Chenevert filed an amended petition and a second summons was issued to respondent with the file number 01 CVD 1146. On 29 May 2002, respondent filed a motion to dismiss petition 01 CVD 1146 alleging the summons was not served in accordance with Rule 4 of the North Carolina Rules of Civil Procedure. After a 22 August 2002 hearing, the Carteret County District Court entered an order on 20 November 2002, *nunc pro tunc* 22 August 2002, decreeing that respondent was not properly served with process; thus, the trial court lacked personal jurisdiction, and "[i]t is therefore ordered adjudged and decreed that this case is hereby dismissed without prejudice."

Following the 22 August 2002 hearing, respondent was ordered to remain in the courtroom until the Carteret County District Court Clerk issued to respondent another summons. This summons again referenced docket number 01 CVD 1146. On 1 November 2002, respondent filed a motion to dismiss petition 01 CVD 1146 alleging the summons served on 22 August 2002 was invalid for failing to comply with North Carolina Rules of Civil Procedure, Rule 4(d)(1) or (2). The matter was called for hearing on 13 March 2003. Almost a year later, on 11 March 2004, *nunc pro tunc* 13 March 2003, the trial court entered an order denying respondent's motion to dismiss. On 24 June 2004, Chenevert filed a voluntary dismissal of her petition.

On 12 October 2007, the Carteret County District Court Deputy Clerk issued to respondent a summons under docket number 07 CVD

1166. This action was filed by petitioner Burnice Boggs, grandmother and caretaker of Chenevert's minor child and also a resident of Houma, Louisiana. On 3 December 2007, respondent filed a motion to dismiss alleging: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) failure to include a birth certificate as mandated by N.C. Gen. Stat. § 49-14(a); (4) failure to complete the petition sufficiently to determine if petitioner has standing; and (5) failure to verify the petition. A hearing on the matter was held 2 April 2008.

On 18 September 2009, *nunc pro tunc* 3 April 2008, the trial court entered an order stating the following conclusions:

1.  Since the proceeding designated 01 CvD-1146 has previously been dismissed at least two times, said dismissal [acts] as an adjudication on the merits as provided in Rule 41(a)(1).

2.  As a result of said adjudication on the merits this court does not have jurisdiction over this proceeding and this case should be dismissed in accordance with Rule 12(b)(1).

The State of North Carolina, through its agent, the Carteret County Child Support Enforcement Office, on behalf of petitioner Burnice Boggs, appeals.

## Standard of Review

"Rule 12(b)(1) of the Rules of Civil Procedure allows for dismissal based upon a trial court's lack of jurisdiction over the subject matter of the claim." *Welch Contracting, Inc. v. N.C. DOT*, 175 N.C. App. 45, 50, 622 S.E.2d 691, 694 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 12). "[T]he standard of review on a motion to dismiss under Rule 12(b)(1) for lack of jurisdiction is *de novo*." *State ex rel. Cooper v. Seneca-Cayuga Tobacco Co.*, —— N.C. App. ——, ——, 676 S.E.2d 579, 583 (2009) (citation omitted).

## Analysis

[1] On appeal, the State argues the trial court erred in finding and concluding petitioner voluntarily gave notice of dismissal on two separate occasions operating as an adjudication on the merits pursuant to the North Carolina Rules of Civil Procedure, Rule 41. Therefore, it was error to dismiss the petition for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). We agree.

North Carolina General Statutes, section 1A-1, Rule 41, dismissal of actions, in pertinent part, provides:

[A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case . . . Unless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2009). "The 'two dismissal' rule has two elements: (1) the *plaintiff* must have filed two notices to dismiss under Rule 41(a)(1)[,] and (2) the second action must have been based on or included the same claim as the first action." *Dunton v. Ayscue*, —— N.C. App. ——, ——, 690 S.E.2d 752, 753 (2010) (citing *City of Raleigh v. College Campus Apartments, Inc.*, 94 N.C. App. 280, 282, 380 S.E.2d 163, 165 (1989), *aff'd per curiam*, 326 N.C. 360, 388 S.E.2d 768 (1990)) (emphasis added). "[I]n enacting the two dismissal provision of Rule 41(a)(1), the legislature intended that a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts." *Id.* However, "[t]he 'second dismissal' rule does not apply to make voluntary dismissals by stipulation or by order of [the] court 'on the merits', [sic] though preceded by a prior voluntary dismissal." *Parrish v. Uzzell*, 41 N.C. App. 479, 483, 255 S.E.2d 219, 221 (1979) (holding the "two dismissal rule" was authorized solely under G.S. 1A-1, Rule 41(a)(1)(i)); *see also N.C. R.R. Co. v. Ferguson Builders Supply, Inc.*, 103 N.C. App. 768, 407 S.E.2d 296 (1991) (holding the second dismissal was by order of the trial court; therefore, the "two dismissal" rule did not apply). "The two-dismissal rule . . . applies only when the plaintiff has twice dismissed an action based on . . . the same claim." *Hopkins v. Ciba-Geigy Corp.*, 111 N.C. App. 179, 182, 432 S.E.2d 142, 144 (1993) (citation omitted).

Here, the trial court concluded that "[s]ince the proceeding designated 01 CVD 1146 has previously been dismissed at least two times, said dismissal [acted] as an adjudication on the merits as provided in Rule 41(a)(1)." However, the record reflects that petitioner only filed one voluntary dismissal of the petition (on 24 June 2004). On 20 November 2002, *nunc pro tunc* 22 August 2002, it was the trial court that entered an order dismissing petitioner's action after making the determination that it lacked personal jurisdiction and stating "[a]ccordingly, *respondent's* motion [to dismiss the petition] should be granted."

.

.

(Emphasis supplied). Such is not a voluntary dismissal authorized by petitioner under Rule 41(a)(1)(i). *See Parrish*, 41 N.C. App. 479, 255 S.E.2d 219. Therefore, petitioner's action is not barred by the "two dismissal rule" pursuant to Rule 41(a)(1)(i). *See also N.C. R.R. Co.*, 103 N.C. App. 768, 407 S.E.2d 296.

[2] Respondent argues in the alternative that the trial court did not err in dismissing the petition based on the doctrine of laches and for petitioner's failure to verify the petition in accordance with N.C. Gen. Stat. § 52C-3-310.

The "[the doctrine of] laches is an affirmative defense. It must be pleaded and the burden of proof is on the party who pleads it." *Taylor v. Raleigh*, 290 N.C. 608, 622, 227 S.E.2d 576, 584 (1976) (citing *Poultry Co. v. Oil Co.*, 272 N.C. 16, 22, 157 S.E.2d 693, 698 (1967)). However, our Supreme Court has long held where a theory argued on a appeal was not raised before the trial court the argument is deemed waived on appeal. *See State v. Augustine*, 359 N.C. 709, 721, 616 S.E.2d 515, 525 (2005) (quoting *State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934))) ("where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount . . . .' "); *see also* N.C. R. App. P. 10(b)(1) (2009). Here, respondent did not plead the defense of laches before the trial court; therefore, we will not address it.

[3] Next, respondent argues that petitioner failed to verify her petition in accordance with N.C. Gen. Stat. § 52C-3-310. Specifically, respondent argues that petitioner's petition for support does not use the words "sworn to" or "oath" on the petition's verification page and the person before whom the petitioner allegedly signed her name is not discernable.

Under North Carolina General Statutes, section 52C-3-310(a), "[a] petitioner seeking to establish or modify a support order or to determine parentage in a proceeding under this Chapter must verify the petition." N.C.G.S. § 52C-3-310(a) (2009).

[T]he General Assembly has expressly provided that pleadings may be verified by notaries public from other jurisdictions, see N.C. Gen. Stat. § 1-148, it has further provided that a notarial act "performed in another jurisdiction in compliance with the laws of that jurisdiction is valid to the same extent as if it had been performed by a notary commissioned under [our Notary Public Act] if . . . performed by . . . any person authorized to perform notarial acts in that jurisdiction."

*State ex rel. Johnson v. Eason,* —— N.C. App. ——, ——, 679 S.E.2d 151, 153 (2009) (citing N.C. Gen. Stat. § 10B-20(f) (2007)). Under Louisiana Revised Statutes, Title 13, Support of Family, article 1303.11(A), "[a] petitioner seeking to establish or modify a support order or to determine parentage in a proceeding under this Chapter must verify the petition." La. R.S. § 1303.11(A) (2009). Respondent does not direct this Court to any authority, and we do not find any, requiring a notary public commissioned in Louisiana to print or type his or her name to verify a petition for child support. Moreover, contrary to respondent's allegations, the verification page challenged clearly states next to the notary's signature the verification was "Sworn to and Signed Before Me This Date, County/State." Accordingly, respondent's arguments are dismissed in part and overruled in part.

Reversed.

Judges STEELMAN and BEASLEY concur.